|  | Citation  |  |
|---|---|---|
| COREY JAMAL BOUTTE<br>VS.    2021-002256<br>CITY OF LAKE CHARLES |  | 14th Judicial District Court<br>State of Louisiana<br>Parish of Calcasieu |

THE STATE OF LOUISIANA

TO:   THE CITY OF LAKE CHARLES

     THE HONORABLE NIC HUNTER
     AT LAKE CHARLES CITY HALL
     326 PUJO STREET
     LAKE CHARLES, LA 70601

Parish of Calcasieu, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of COREY JAMAL BOUTTE, PETITION FOR DAMAGES against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 10th day of June 2021.

Issued and delivered July 15, 2021

*CITY OF LAKE CHARLES*
*JUL 19 2021*
*Legal Dept.*

Shelbie Hardy

Deputy Clerk of Court

----

### SERVICE INFORMATION

Received on the _____ day of _____ 20____, and on the _____ day of _____ 20____, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE   $_____            BY: _____
MILEAGE   $_____                 Deputy Sheriff

TOTAL   $_____

Party No.   P001


Filing Date: 07/15/2021 02:10 PM    Page Count: 1
Case Number: 2021-002256
Document Name: 1600 Citation



[ Service Copy ]
CMS0085

Page 1 of 1

| | |
|---|---|
| COREY JAMAL BOUTTE | : 14TH JUDICIAL DISTRICT COURT |
| V. NO. 2021-2256 H | : PARISH OF CALCASIEU |
| CITY OF LAKE CHARLES, CITY OF LAKE CHARLES POLICE DEPARTMENT, CHIEF SHAWN CALDWELL, OFFICER RYAN GASPARD, UNKNOWN OFFICER 1, AND UNKNOWN OFFICER 2 | : STATE OF LOUISIANA |
| JUN 1 0 2021 | : *Carole B LeBlanc* CLERK OF COURT |

## PETITION FOR DAMAGES

NOW INTO COURT COMES, through his attorney, Brent A. Hawkins and The Hawkins Law Group, LLC, COREY JAMAL BOUTTE, (hereinafter referred to as "Plaintiff") a person of the full age of majority and domiciled in the Parish of Calcasieu, State of Louisiana, who respectfully files this Petition for Damages and in support of same would show unto this Honorable Court as follows:

1.

Made Defendants herein are the following:

**THE CITY OF LAKE CHARLES**, Parish of Calcasieu, a local government entity and body politic created by statute, being a municipality and political subdivision of the State of Louisiana but not an agency, or department, or arm of the State of Louisiana, which may be served with service of process and citation through its registered agent of service of process, the Honorable Nic Hunter at Lake Charles City Hall, located at 326 Pujo Street, Lake Charles, Louisiana 70601.

**CITY OF LAKE CHARLES POLICE DEPARTMENT** (LCPD), a governmental entity and part of City of Lake Charles created by the Charter of the City of Lake Charles, Parish of Calcasieu and not and arm or instrumentality of the State of Louisiana, which may be served with service of process and citation upon its chief executive officer, Chief of Police Shawn Caldwell in his official capacity as Police Chief for the Lake Charles Police Department, at his place of employment located at 830 Enterprise Blvd, Lake Charles, Louisiana 70601.

**OFFICER RYAN GASPARD, also made Defendant herein personally and in his capacity,** a person of full age and majority, domiciled in the Parish of Calcasieu, who may be served with service of process and citation at his place of employment located at 830 Enterprise Blvd, Lake Charles, Louisiana 70601.

**UNKNOWN OFFICER 1, also made Defendant herein personally and in his capacity,** a person of full age and majority, domiciled in the Parish of Calcasieu, who may be served with

service of process and citation at his place of employment located at 830 Enterprise Blvd, Lake Charles, Louisiana 70601, once his identity has been confirmed.

**UNKNOWN OFFICER 2**, also made Defendant herein personally and in his capacity, a person of full age and majority, domiciled in the Parish of Calcasieu, who may be served with service of process and citation at his place of employment located at 830 Enterprise Blvd, Lake Charles, Louisiana 70601, once his identity has been confirmed.

**CHIEF SHAWN CALDWELL**, a person of full age and majority and Chief of Police for the City of Lake Charles Police Department domiciled in Calcasieu Parish, who may be served with service of process and citation at his place of employment located at 830 Enterprise Blvd., Lake Charles, Louisiana 70601.

**XYZ INSURANCE COMPANY**, an insurance company authorized to do, and doing business in the State of Louisiana providing general liability coverage and/or Excess of Loss Coverage for City of Lake Charles, City of Lake Charles Police Department, Shawn Caldwell, Officer Ryan Gaspard, Unknown Officer 1 and Unknown Officer 2 for any and all acts and damages occurring from this incident and all excess damage claims incurred by the City of Lake Charles on behalf of all named defendants.

2.

At all times material hereto, Officer Ryan Gaspard was acting in the course and scope of his duties in his employment with the City of Lake Charles City Police Department; and therefore, the City of Lake Charles and the City of Lake Charles Police Department are vicariously liable for the negligent acts Officer Ryan Gaspard.

3.

At all times material hereto, Unknown Officer 1 was acting in the course and scope of his duties in his employment with the City of Lake Charles City Police Department; and therefore, the City of Lake Charles and the City of Lake Charles Police Department are vicariously liable for the negligent acts Unknown Officer 1.

4.

At all times material hereto, Unknown Officer 2 was acting in the course and scope of his duties in his employment with the City of Lake Charles City Police Department; and therefore, the City of Lake Charles and the City of Lake Charles Police Department are vicariously liable for the negligent acts Unknown Officer 2.

5.

On or about June 16, 2020, Petitioner was riding his bicycle in the area of 4th Avenue and 2nd Avenue, as he was riding his bicycle, he noticed three white police trucks with the lights on roof pass him by in the opposite direction. Suddenly and without warning the three white trucks pulled up behind Petitioner and instructed him to get off his bicycle.

6.

Petitioner got off his bicycle and the officers indicated "they were looking for an individual who broke into someone's home and stole an AK47." Officers then asked Petitioner if he had any drugs on him, in fear of his person, he then began to flee on foot. Officers chased the unarmed Petitioner. During the chase Defendants then discharged their tasers, striking Petitioner about his person and in the back of his head. When petitioner awoke, he was on a stretched in excruciating pain.

7.

As a result of being stuck with the taser, Petitioner fell causing him to forcefully hit his head on the concrete which resulted in seizures, fractured jaw and other injuries including severe cement burns and scrapes to his face and arms.

8.

At all times material herein, Chief Don Dixon and the LCPD employed Officer Ryan Gaspard as full-time police officers for the LCPD.

9.

At all times material herein, Chief Don Dixon and the LCPD employed Unknown Officer 1 as full-time police officers for the LCPD.

10.

At all times material herein, Chief Don Dixon and the LCPD employed Unknown Officer 2 as full-time police officers for the LCPD.

11.

As the Chief of Police for the City of Lake Charles and as a decision maker and policy maker for the Lake Charles Police Department, Chief Caldwell actions or inactions are attributable and imputable to the City of Lake Charles.

12.

In the Chief's official capacity as Chief of Police, he was and is responsible for adopting,

promulgating, and implementing and enforcing policies, customs, or practices pertaining to making arrest and preserving the peace in the City of Lake Charles as well as customs, policies, and practices regarding the governing of the City of Lake Charles which includes screening, hiring, disciplining, training, supervising, and retaining of City Police Officers to ensure each police officer was qualified and properly trained to perform the duties and functions of peace officers including making arrests, preserving the peace, and the constitutional use of deadly force.

13.

Petitioner allege that the City of Lake Charles through the Chief of Police did not properly scrutinize the backgrounds of Officer Ryan Gaspard and did not ensure that they had been properly trained and skilled on the proper use of force continuum, as well as have in place a deadly use of force policy for the City of Lake Charles. Additionally, the Chief failed to publish such policy and make known to all active police officers under his control and supervision, and the Chief failed to ensure that these officers followed and abided by the General.

14.

Petitioner allege that the City of Lake Charles through the Chief of Police did not properly scrutinize the backgrounds of UNKNOWN OFFICER 1 and did not ensure that they had been properly trained and skilled on the proper use of force continuum, as well as have in place a deadly use of force policy for the City of Lake Charles. Additionally, the Chief failed to publish such policy and make known to all active police officers under his control and supervision, and the Chief failed to ensure that these officers followed and abided by the General.

15.

Petitioner allege that the City of Lake Charles through the Chief of Police did not properly scrutinize the backgrounds of UNKNOWN OFFICER 2 and did not ensure that they had been properly trained and skilled on the proper use of force continuum, as well as have in place a deadly use of force policy for the City of Lake Charles. Additionally, the Chief failed to publish such policy and make known to all active police officers under his control and supervision, and the Chief failed to ensure that these officers followed and abided by the General.

16.

Petitioner allege that the City of Lake Charles violated 42 UCS § 1983. It's officers are sworn to protect and serve and have the ability to use deadly force in that process, and have obvious need to be trained by the City of Lake Charles. On June 16, 2021, the City of Lake Charles and

the LCPD failed to have a written policy on the use of deadly force, and it was difficult/impossible to train on a non-existent policy.

17

The lack of policy amounted to gross negligence, recklessness, and deliberate indifference on behalf of the City of Lake Charles.

18.

The action of Officer Gaspard use of excessive force was undertaken pursuant to the policy, practice and custom of the LCPD and the City of Lake Charles.

19.

The action of Unknown Officer 1 use of excessive force was undertaken pursuant to the policy, practice and custom of the LCPD and the City of Lake Charles.

20.

The action of Unknown Officer 2 use of excessive force was undertaken pursuant to the policy, practice and custom of the LCPD and the City of Lake Charles.

21.

Petitioner aver that Officer Gaspard misconduct was undertaken pursuant to one or more de facto policies, practices and/or customs of the LCPD and the City of Lake Charles and the Defendants are guilty of the following wrongful acts including by not limited to:

a) Failing to properly hire, supervise and train LCPD officers;
b) Failing to properly train and supervise on approaching civilians, discharging weapon and de-escalation strategies;
c) Refusing to supervise, reprimand, discipline, transfer, monitor, counsel and/or otherwise control Police Officers who engage in misconduct contrary to the laws, rules and regulations, thus condoning the use of excessive force;
d) Failing to retrain and/or otherwise control Police Officers who engage in excessive force and /or unjustified shooting against civilians;
e) Failing to establish appropriate policies and procedures to address and correct the repeated use of excessive force;
f) Inadequately and/or failing to independently and adequately investigate complaints or allegations of excessive force and other types of misconduct by Police Officers;

g) Tacitly approving of law enforcement officers using their power and position to interfere with other citizens' rights;

h) Allowing the continuance in force and effect of policies and procedures which resulted in the use of outrageous and excessive force against civilians, including Mr. Boutte;

i) As a matter of both policy and practice the City of Lake Charles and the LCPD facilitates the very type of misconduct at issue here by failing to protect civilians from reckless indifference of Defendant's City agents, servants, and employees in its Police Department; and

j) Allowing the policy, practice, and custom of a "police code of silence" resulting in police officers refusing to report instances of police misconduct of which they are aware.

22.

Petitioner aver that UNKNOWN OFFICER 1 misconduct was undertaken pursuant to one or more de facto policies, practices and/or customs of the LCPD and the City of Lake Charles and the Defendants are guilty of the following wrongful acts including by not limited to:

a) Failing to properly hire, supervise and train LCPD officers;

b) Failing to properly train and supervise on approaching civilians, discharging weapon and de-escalation strategies;

c) Refusing to supervise, reprimand, discipline, transfer, monitor, counsel and/or otherwise control Police Officers who engage in misconduct contrary to the laws, rules and regulations, thus condoning the use of excessive force;

d) Failing to retrain and/or otherwise control Police Officers who engage in excessive force and /or unjustified shooting against civilians;

e) Failing to establish appropriate policies and procedures to address and correct the repeated use of excessive force;

f) Inadequately and/or failing to independently and adequately investigate complaints or allegations of excessive force and other types of misconduct by Police Officers;

g) Tacitly approving of law enforcement officers using their power and position to interfere with other citizens' rights;

h) Allowing the continuance in force and effect of policies and procedures which resulted in the use of outrageous and excessive force against civilians, including Mr. Boutte;

i) As a matter of both policy and practice the City of Lake Charles and the LCPD facilitates the very type of misconduct at issue here by failing to protect civilians from reckless indifference of Defendant's City agents, servants, and employees in its Police Department; and

j) Allowing the policy, practice, and custom of a "police code of silence" resulting in police officers refusing to report instances of police misconduct of which they are aware.

23.

Petitioner aver that UNKNOWN OFFICER 2 misconduct was undertaken pursuant to one or more de facto policies, practices and/or customs of the LCPD and the City of Lake Charles and the Defendants are guilty of the following wrongful acts including by not limited to:

a) Failing to properly hire, supervise and train LCPD officers;

b) Failing to properly train and supervise on approaching civilians, discharging weapon and de-escalation strategies;

c) Refusing to supervise, reprimand, discipline, transfer, monitor, counsel and/or otherwise control Police Officers who engage in misconduct contrary to the laws, rules and regulations, thus condoning the use of excessive force;

d) Failing to retrain and/or otherwise control Police Officers who engage in excessive force and/or unjustified shooting against civilians;

e) Failing to establish appropriate policies and procedures to address and correct the repeated use of excessive force;

f) Inadequately and/or failing to independently and adequately investigate complaints or allegations of excessive force and other types of misconduct by Police Officers;

g) Tacitly approving of law enforcement officers using their power and position to interfere with other citizens' rights;

h) Allowing the continuance in force and effect of policies and procedures which resulted in the use of outrageous and excessive force against civilians, including Mr. Boutte;

i) As a matter of both policy and practice the City of Lake Charles and the LCPD facilitates the very type of misconduct at issue here by failing to protect civilians from reckless indifference of Defendant's City agents, servants, and employees in its Police Department; and

j) Allowing the policy, practice, and custom of a "police code of silence" resulting in police officers refusing to report instances of police misconduct of which they are aware.

24.

Petitioner aver that the actions of Officer Gaspard was negligent, excessive, unreasonable, malicious, and that they had a reckless disregard for the consequences of their actions. Further, the Petitioner aver that the actions of Officer Gaspard was designed and did cause serious physical and emotional pain and suffering of Mr. Boutte.

25.

Petitioner aver that the actions of Unknown Officer 1 was negligent, excessive, unreasonable, malicious, and that they had a reckless disregard for the consequences of their actions. Further, the Petitioner aver that the actions of Unknown Officer 1 was designed and did cause serious physical and emotional pain and suffering of Mr. Boutte.

26.

Petitioner aver that the actions of Unknown Officer 2 was negligent, excessive, unreasonable, malicious, and that they had a reckless disregard for the consequences of their actions. Further, the Petitioner aver that the actions of Unknown Officer 2 was designed and did cause serious physical and emotional pain and suffering of Mr. Boutte.

27.

The Petitioner aver that Mr. Boutte's injuries was the result of poor official policy, custom, or practice of these Defendants. The action and inactions of the official policy maker are attributable to the City of Lake Charles and were the direct result of deliberate indifference attributable to each of the Defendants.

28.

Chief Shawn Caldwell, as the Chief of Police, is the official policy maker for the Lake Charles Police Department.

29.

The conduct and actions of the Defendants while in the course and scope of their employment was excessive and unreasonable, it was done intentionally, willfully, maliciously, and with deliberate indifference and reckless disregard for the natural probable consequences of their acts.

30.

The actions of the Defendants were done without justification. Their actions were intentionally designed to and did cause serious physical and emotional pain and suffering and the death of Mr. Boutte in violation and deprivation of his constitutional rights protected under **42 USC § 1983** and the 4th and 14th Amendments to the United States Constitution including the right to be free of unreasonable search and seizure and the right to be free from the use of excessive, unreasonable and unjustified deadly force.

31.

Petitioners request that this matter be tried by a jury.

**WHERFORE, Petitioner also PRAYS as follows:**

That this matter be deemed good and sufficient, That the Defendants be duly served with Petition and Citation, as indicated in Paragraph 1.

That after service and applicable legal delays there be judgment rendered herein in favor of the Petitioner and against the Defendants for all general and equitable relief granted in the premises herein,

After due proceedings had, that all costs associated herein be levied against the Defendants.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, COREY BOUTTE, hereby prays that service of process and citation issue herein directed to defendants, CITY OF LAKE CHARLES, CITY OF LAKE CHARLES POLICE DEPARTMENT, CHIEF SHAWN CALDWELL, OFFICER RYAN GASPARD, UNKNOWN OFFICER 1, AND UNKNOWN OFFICER 2 and that after due proceedings had there be judgment rendered in his favor and against defendants, CITY OF LAKE CHARLES, CITY OF LAKE CHARLES POLICE DEPARTMENT, CHIEF SHAWN CALDWELL, OFFICER RYAN GASPARD, UNKNOWN OFFICER 1, AND UNKNOWN OFFICER 2 jointly, severally, and in solido in an amount as is reasonable in the premises, commensurate with sustained damages, together with punitive and exemplary damages, attorney fees and for legal interest on said amount from the date of judicial demand until paid, for all costs of court, and for any other relief to which

Plaintiffs may show themselves entitled to either in law or in equity.

Respectfully submitted,

BRENT A. HAWKINS #30547
THE HAWKINS LAW GROUP
1417 Hodges Street
Lake Charles, Louisiana 70601
Telephone: (337) 210-8811
Facsimile: (337) 210-8855

**PLEASE SERVE:**

AS INDICATED IN PARAGRAPH 1

A TRUE COPY
Lake Charles, Louisiana

Shubi Hardy
Deputy Clerk of Court
Calcasieu Parish, Louisiana
JUL 15 2021